IN THE MATTER OF GEORGE WESLEY THOMAS, INCOMPETENT

No. 8222SC883

(Filed 2 August 1983)

Insane Persons § 2.3— removal of guardian—insufficient evidence
    The clerk and the superior court were not in error in holding that the evidence was insufficient to prove that the respondent had neglected to maintain the ward for whom he had been appointed in a manner suitable to the ward's degree as required by G.S. 33-9(3).

APPEAL by petitioner from *Wood, Judge.* Judgment entered 22 April 1982 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 4 June 1983.

This is an appeal in a hearing to remove a guardian for an incompetent. Corl E. Koontz was appointed guardian for George Wesley Thomas in March 1970. Walter Finch petitioned the court to remove Mr. Koontz on 16 November 1981.

A hearing was held before the Clerk of Superior Court. The evidence at the hearing showed that Mr. Koontz and Walter

Finch are first cousins to Mr. Thomas. Mr. Finch testified that George Wesley Thomas lived in a house which had been built by his deceased parents in the early 1960's. He described the house as "drab" with no rugs on the floor except a very poor quality carpet in the living room. He characterized the clothes George wears as "hand-me-downs" given to him by Mr. Finch's sisters. When he visited George he saw no green vegetables in the refrigerator. George had TV dinners in his freezer and mainly baked beans and inferior grades of canned food in his pantry. Mr. Finch concluded George was not receiving a proper diet.

Mr. James T. Chapman of the Davidson County Department of Social Services testified that he visited George W. Thomas on 4 December 1981. He described the house as "adequate, with the exception of some difficulty with the heating system." He said the house was sparsely furnished. He said Mr. Thomas needed more prepared meals than he was receiving. He said he did not feel George's diet was adequate "in consideration of his income and financial holdings." He testified that Mr. Thomas' clothes did not fit very well and appeared to be secondhand. He testified: "Mr. Thomas' physical needs are cared for in a manner that would be satisfactory if there were less income. The care of Mr. Thomas can be described as adequate, but that is not to say satisfactory given the present arrangement."

Douglas Koontz, the brother of Corl E. Koontz, testified as to the living conditions of George Wesley Thomas. His testimony was similar to the other two witnesses.

The annual accounts of the guardian from 27 March 1970 through 26 June 1981 were introduced into evidence. They showed that the annual income which the guardian received for Mr. Thomas during that period ranged from a low of $2,616.82 for the period ending 14 December 1972 to a high of $8,305.97 for the year ending 26 June 1981. The receipts in most of the years were approximately $4,000 and the guardian expended an average sum of $3,546.18 for George Wesley Thomas in each year. His disbursements in 1981 were $4,606.22. The assets held by the guardian increased from $11,070.35, at the first accounting period, to $17,805.92 at the last accounting period. There was also evidence that Mr. Thomas owned some real estate, including his home, which produced no income.

At the conclusion of the hearing, the court found that no evidence had been presented which showed that the guardian had failed to maintain his ward in a manner suitable to which the estate of the ward would permit him and found further that the guardian had seen to the proper maintenance and support of the ward. The Clerk dismissed the petition. The petitioner excepted to the findings of fact made by the Clerk and appealed to the Superior Court. A *de novo* hearing was held in the Superior Court which affirmed the order of the Clerk. The petitioner appealed.

*Brinkley, Walser, McGirt, Miller and Smith, by Walter F. Brinkley and Stephen W. Coles, for petitioner appellant.*

*Stoner, Bowers and Gray, by P. G. Stoner, Jr., for respondent appellee.*

WEBB, Judge.

This proceeding to remove the respondent as guardian for George Wesley Thomas was brought under G.S. 33-9 which provides in part:

> "The clerks of the superior court have power and authority on information or complaint made to remove any fiduciaries appointed under the provisions of this Chapter
> . . . .
>
> . . . .
>
> (3) Where the fiduciary neglects to educate or maintain the ward or his dependents in a manner suitable to their degree."

The appellant contends that the evidence before the Clerk and the Superior Court conclusively showed that the ward was not maintained in a manner suitable to the degree to which the estate would permit. He argues that it is evident that with the resources available, the guardian has neglected to maintain the ward in a manner suitable to his degree. We cannot so hold.

We believe the evidence shows the guardian has expended for his ward each year an amount which is a few hundred dollars less that his average annual income. We cannot say that the Clerk or the Superior Court was in error in holding that this evidence

was not sufficient to prove the respondent had neglected to maintain Mr. Thomas in a manner suitable to his degree. We believe that the evidence shows that considering Mr. Thomas' income, his guardian has provided him with funds which are adequate for his support. We note that the incompetent owns non-income producing real property. The guardian may want to consider selling this property and invest the proceeds of the sale in such a way as to produce more income for his ward.

Affirmed.

Judges ARNOLD and BRASWELL concur.